OPINION *Page 2 
{¶ 1} On August 14, 2004, appellant, Ella Cropper, was walking in the "devil's strip" between a sidewalk and a curb and tripped over a steel rod protruding from the ground. As a result, appellant sustained injuries.
 {¶ 2} On September 12, 2005, appellant filed a complaint against appellee, City of Cambridge, for negligently maintaining the area where she had fallen.
 {¶ 3} On October 16, 2006, appellee filed a motion for judgment on the pleadings based on sovereign immunity. By nunc pro tunc entry filed January 3, 2007, the trial court granted the motion and dismissed appellant's complaint.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT GRANTED DEFENDANT'S MOTION FOR SOVEREIGN IMMUNITY CONTRARY TO THE LAW OF THE STATE OF OHIO AND IN PARTICULAR THE PROVISION FOR SOVEREIGN IMMUNITY AND THE EXCEPTIONS THERETO WHICH PROVIDE FOR LIABILITY OF A GOVERNMENT AGENCY FOR NEGLIGENTLY MAINTAINING ITS ROADS AND HIGHWAYS. THE EXCEPTIONS ARE PROVIDED FOR IN OHIO REVISED CODE SECTION 2744.02(B)(3)."
 I {¶ 6} Appellant claims the trial court erred in granting appellee's motion for judgment on the pleadings based on sovereign immunity. We disagree. *Page 3 
 {¶ 7} A motion for judgment on the pleadings is governed by Civ.R. 12. Subsection (C) states, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Our standard of review on a Civ.R. 12 motion is de novo.Peterson v. Teodosio (1973), 34 Ohio St.2d 161. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. Id.
 {¶ 8} Appellee is a political subdivision and therefore falls under the provisions of R.C. 2744.02(A)(1) which states the following;
 {¶ 9} "For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."
 {¶ 10} A "governmental function" includes, "The regulation of the use of, and the maintenance and repair of, roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, and public grounds."
 {¶ 11} The narrow issued raised by this appeal is whether the exceptions to sovereign immunity found in R.C. 2744.02(B)(3) apply herein. Said statute states the following:
 {¶ 12} "(B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to *Page 4 
person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
 {¶ 13} "(3) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads, except that it is a full defense to that liability, when a bridge within a municipal corporation is involved, that the municipal corporation does not have the responsibility for maintaining or inspecting the bridge."
 {¶ 14} "Public roads" is defined as follows:
 {¶ 15} "[P]ublic roads, highways, streets, avenues, alleys, and bridges within a political subdivision. `Public roads' does not include berms, shoulders, rights-of-way, or traffic control devices unless the traffic control devices are mandated by the Ohio manual of uniform traffic control devices." R.C. 2744.01(H).
 {¶ 16} The cause of action in this case is based upon a fall that appellant had while walking in the "devil's strip" or "tree lawn" which was adjacent to the public road. Construing the complaint most favorably for appellant, she claims appellee's constant resurfacing of the public road diminished the curb. This diminished curb height caused "rain water to exit the street, washing the dirt from the devil's strip between the street and sidewalks thereby uncovering the steel rod which Plaintiff tripped upon." September 12, 2005 Complaint at ¶ 2.
 {¶ l7} Appellant's expert, Keith Hinshaw, a professional engineer, filed an opinion which is attached to appellant's response to the motion for judgment on the *Page 5 
pleadings. Many of Mr. Hinshaw's conclusions disregard the Ohio sovereign immunity statutes. Mr. Hinshaw opined the following;
 {¶ 18} "The curb/sidewalk area should have met minimum standards for persons with disabilities including visual and ambulatory. The City of Cambridge was negligent in their duty to maintain the right-of-way, including specifically the curb and sidewalk by allowing the soil to erode behind the curb where pedestrians access the sidewalk from a parked vehicle at the curb. The act of allowing the metal stub to protrude four (4) inches above the ground level created a dangerous condition for all pedestrians but in particular elderly or those with impairments. Records show (Interrogatory No. Five) that the dedicated right-of-way of South 10th Street is sixty (60) feet wide, with the paved surface being twenty-eight (28) feet eight (8) inches wide. The remaining thirty (30) plus feet's intended purpose includes use by pedestrians to access sidewalks and other facilities. The City of Cambridge owns the entire sixty (60) feet width and is responsible for maintaining said width in safe condition free of any nuisance. The accident and resulting injury to Mrs. Cropper was the direct result of the failure of the City of Cambridge to diligently carryout those responsibilities. The metal stub protruding from the ground was placed in the public right-of-way owned by the City of Cambridge. The metal stub was placed for a specific purpose, which is not presently known. The (OMUTCD) is the standard adopted by the State of Ohio and incorporates by reference many other standards pertinent to this case. The OMUTCD makes clear the City of Cambridge was responsible for the placement and maintenance of any device in the public right-of-way." *Page 6 
 {¶ 19} In R.C. 723.01, the Ohio General Assembly placed the issue of nuisances under the sovereign immunity provisions of R.C. 2744.01 et seq. R.C. 723.01 states the following:
 {¶ 20} "Municipal corporations shall have special power to regulate the use of the streets. Except as provided in section 5501.49 of the Revised Code, the legislative authority of a municipal corporation shall have the care, supervision, and control of the public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts within the municipal corporation. The liability or immunity from liability of a municipal corporation for injury, death, or loss to person or property allegedly caused by a failure to perform the responsibilities imposed by this section shall be determined pursuant to divisions (A) and (B)(3) of section 2744.02 of the Revised Code."
 {¶ 21} Given the clear and unambiguous definition of "public roads" in R.C. 2744.01(H), the exclusion from liability for berms, right-of-ways, and shoulders pertains sub judice. See, Murray v. Chillicothe,164 Ohio App.3d 294, 2005-Ohio-5864.
 {¶ 22} Upon review, we conclude the trial court was correct in granting appellee's motion for judgment on the pleadings based on sovereign immunity.
 {¶ 23} The sole assignment of error is denied. *Page 7 
 {¶ 24} The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby affirmed.
 By Farmer, P.J. Wise, J. and Edwards, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio is affirmed. *Page 1