JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, the City of Cleveland, appeals from a common pleas court order overruling its motion to dismiss, which asserted both that the claims against it were barred by sovereign immunity and that plaintiffs' claim of an implied cause of action under the Ohio constitution did not state a claim under Ohio law. We agree that the trial court erred by denying the city's motion to dismiss because plaintiffs' claims against the city were barred by sovereign immunity. This holding renders moot the city's contention that Ohio law does not allow an implied cause of action under the Ohio constitution, which, in any case, the trial court did not address. Accordingly, we reverse and remand for further proceedings against the defendant John Doe police officers.
 Procedural History {¶ 2} The amended complaint filed May 8, 2007, asserted that plaintiffs Ken Lowery and Terence Britton were bail bond agents and/or fugitive recovery agents who contacted the Cleveland Police Department to advise that they were pursuing Andre Hicks on a felony arrest warrant. They claim they were arrested, their weapons were confiscated, and they were restrained for almost three days "without probable cause, reasonable suspicion or any evidence that they had committed a crime." Further, the police impound unit destroyed Lowery's vehicle and the personal property that was inside it, despite a court order not to do so. Second, plaintiffs claim that "as a direct and proximate result of the interference of unknown *Page 4 
members of the Cleveland Police Department, Fourth District Police, the Plaintiffs were prevented from capturing Andre Hicks, thereby causing them to forfeit their fee to which they were entitled." Third, plaintiffs claim the city's actions were "deliberate, willful, malicious and wanton," "in bad faith," and deliberately indifferent to plaintiff's rights. Finally, plaintiffs claim that the city "caused and encouraged" its officers' unlawful conduct "as a matter of custom, policy and practice, and by failing to properly train, sanction or discipline the . . . [officers involved."
 {¶ 3} Before filing an answer, the city filed a motion to dismiss urging that it was immune from liability under R.C. 2744.02 and that the fourth cause of action failed to state a claim because Ohio does not recognize implied causes of action under the Ohio constitution. Plaintiffs responded. The court denied the city's motion holding that:
 PURSUANT TO OHIO REVISED CODE 2744.03(A)(6)(B) IMMUNITY IS NOT APPLICABLE IF THE GOVERNMENT EMPLOYEES OR [sic] OMISSIONS WERE WILLFUL, WANTON OR DELIBERATE WITH MALICIOUS PURPOSE, IN BAD FAITH OR IN A WANTON OR RECKLESS MANNER. PLAINTIFF IN HIS [sic] AMENDED COMPLAINT ALLEGES DEFENDANTS['] BEHAVIOR IN ARRESTING PLAINTIFFS, CONFISCATING PLAINTIFFS['] PERSONAL PROPERTY, AND IMPRISONING PLAINTIFFS WAS DELIBERATE, WILLFUL, MALICIOUS AND WANTON BEHAVIOR AND WAS DONE IN BAD FAITH. THEREFORE PLAINTIFFS['] COMPLAINT, IF TAKEN AS TRUE WITH ALL REASONABLE INFERENCES DRAWN IN FAVOR OF THE NONMOVING PARTY, MANDATES THIS COURT TO DENY DEFENDANT'S MOTION TO DISMISS.
 Law and Analysis *Page 5 {¶ 4} Under R.C. 2744.02(C), "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order." Thus, the court's order denying the city's motion to dismiss on immunity grounds is a final appealable order. Cf. Hubbell v. Xenia, 115 Ohio St.3d 77, 2007-Ohio-4839 (denial of summary judgment on immunity grounds was a final appealable order).
 {¶ 5} The city properly points out that the statute upon which the trial court relied in denying the city's motion — R.C. 2744.03(A)(6)(b) — creates an exception to the statutory immunity afforded toemployees of political subdivisions, not an exception to the immunity afforded to political subdivisions themselves. This is apparent from the plain language of this statute:
 In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 or 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies: [emphasis added.]
 * * * *
 (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;
 * * * *
 {¶ 6} We find no correlative exception under R.C. 2744.02 or .03 to a political subdivision's immunity. Therefore, the allegations that the city acted maliciously, *Page 6 
wantonly, and in bad faith did not negate the city's immunity from suit.Wilson v. Stark Cty. Dept. of Human Servs., 70 Ohio St.3d 450,1994-Ohio-394.
 {¶ 7} Where a municipality is engaged in a governmental function such as the provision of police services, see R.C. 2744.01(C)(2)(a), it is immune from liability for its employees' negligent, reckless or intentional acts except as specifically provided in R.C. 2744.02(B)(1), (3), (4) and (5), which state:
 (1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority. The following are full defenses to that liability:
 * * * *
 (3) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads, except that it is a full defense to that liability, when a bridge within a municipal corporation is involved, that the municipal corporation does not have the responsibility for maintaining or inspecting the bridge.
 (4) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01
of the Revised Code. *Page 7 
 (5) In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to person or property when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code, including, but not limited to, sections 2743.02
and 5591.37 of the Revised Code. * * * *
 {¶ 8} None of these exceptions is even arguably applicable here. Therefore, the city is immune from liability. Accordingly, we reverse and remand with instructions to dismiss all claims against the defendant city. This disposition does not affect any claims plaintiffs may have against the defendant John Doe police officers.
 {¶ 9} The trial court did not address the city's argument that Ohio law does not recognize an implied cause of action for violation of the Ohio constitution. In light of our holding here, this issue is now moot.
 {¶ 10} This cause is reversed and remanded to the common pleas court for further proceedings consistent with this opinion.
It is ordered that appellant recover from appellees costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 8 
KENNETH A. ROCCO, JUDGE
 SEAN C. GALLAGHER, P.J., and ANTHONY O. CALABRESE, JR., J., CONCUR *Page 1