JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, the City of Cleveland, appeals from a common pleas court order overruling its motion to dismiss cross-claims filed against it by its *Page 4 
co-defendants in this case, appellees Jennifer Klide and John Doe Homeowner. We reverse and remand with instructions for the court to dismiss the cross-claims against the City.
 {¶ 2} The complaint in this case was filed November 13, 2006. It alleged that plaintiff Joshawa Dubree was riding his bicycle along the sidewalk on Ira Road on May 4, 2005, when he suddenly flipped over the handlebars because of a three-inch grade difference in the sidewalk which he claimed was not visible because of grass covering the area. In the first two counts of the complaint, plaintiff claimed that the owners of the two properties adjacent to the sidewalk (John Doe Homeowner and Jennifer Klide) negligently failed to comply with their duty to maintain their premises, including the sidewalk, in safe condition. The third count of the complaint alleged that the city breached its duty to maintain and/or cause Klide and John Doe Homeowner to maintain the sidewalk, as a result of which Dubree was injured. The final count of the complaint asserted that various John Doe defendants were responsible in some manner and proximately caused Dubree's damages.
 {¶ 3} In response to the complaint, Klide and John Doe Homeowner[1]
answered separately, asserting a number of affirmative defenses as well as cross-claims for contribution and/or indemnity against their co-defendants. On January 11, *Page 5 
2007, the city moved the court to dismiss both the complaint and the cross-claims against it on the ground that it was immune from liability. Plaintiff then voluntarily dismissed his claim against the city without prejudice. The common pleas court determined that the motion to dismiss the complaint against the city was moot, and denied the motion to dismiss the cross-claims, without opinion.
 {¶ 4} The denial of a motion to dismiss on sovereign immunity grounds is a final appealable order. Lowery v. Cleveland, Cuyahoga App. No. 90246, 2008-Ohio-132, ¶ 4; R.C. 2744.02(C); cf. Hubbell v. Xenia, 115 Ohio St.3d 77, 2007-Ohio-4839 (denial of summary judgment on immunity grounds was a final appealable order).
 {¶ 5} The cross-claims[2] allege only that Klide and John Doe Homeowner are entitled to contribution and/or indemnity from the city, from one another and from the other John Doe defendants. The cross-claims do not state the basis for the alleged duty to provide contribution or indemnity.
 {¶ 6} In its motion to dismiss, the city urged that the contribution and indemnity claims were based on its alleged liability on the underlying tort claim. The cross-claimants did not dispute this. The city further argued that sovereign immunity barred its liability on the underlying tort claim. John Doe Homeowner — the only *Page 6 
cross-claimant to respond to the motion to dismiss — contended that R.C.2744.02(B)(3) provided an exception to the city's sovereign immunity in this case.
 {¶ 7} R.C. 2744.02(B)(3) provides:
 (3) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads, except that it is a full defense to that liability, when a bridge within a municipal corporation is involved, that the municipal corporation does not have the responsibility for maintaining or inspecting the bridge.
 {¶ 8} "Public roads" are statutorily defined to mean "public roads, highways, streets, avenues, alleys, and bridges within a political subdivision." However, "`[p]ublic roads' does not include berms, shoulders, rights-of-way, or traffic control devices unless the traffic control devices are mandated by the Ohio manual of uniform traffic control devices." R.C. 2744.01(H).
 {¶ 9} Notably, the definition of a "public road" does not expressly include sidewalks. On the other hand, sidewalks are also not expressly excluded from the definition of a "public road." The express exclusion of berms, shoulders, and rights-of-way suggests that sidewalks — even farther removed from the street — are also excluded. See Cropper v.Cambridge, Guernsey App. No. 07CA01, 2007-Ohio-7106.
 {¶ 10} Previous versions of R.C. 2744.02(B)(3) have expressly allowed political subdivisions to be held liable for their negligent failure to maintain sidewalks. We *Page 7 
must assume that the removal of this exception — and the concomitant failure to include sidewalks within the definition of "public roads" — was intended to reinstate political subdivisions' sovereign immunity from liability for negligence in the maintenance of sidewalks.Gordon v. Dziak, Cuyahoga App. No. 88882, 2008-Ohio-570, 1J1J36, 38. Accordingly, we hold that the city is immune from liability for negligence in the maintenance of sidewalks and is therefore immune from liability for indemnity or contribution to the cross-claimants. We reverse and remand with instructions for the common pleas court to enter judgment for the city on the cross-claims against it.
 {¶ 11} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant recover from appellees costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, J., and PATRICIA ANN BLACKMON, J., CONCUR.
[1] Intriguingly, John Doe Homeowner has never been identified on the record, even though s/he is represented by counsel, has answered the complaint, and even filed a brief in this appeal.
[2] The complaint against the city has been dismissed, so for all practical purposes, the cross-claims must now be analyzed as if they were third party claims. To avoid confusion, however, we will continue to refer to them as cross-claims, even though the city is no longer a defendant. *Page 1