JONES, Appellee,

v.

LUCAS COUNTY SHERIFF'S DEPARTMENT et al., Appellants.

[Cite as *Jones v. Lucas Cty. Sheriff's Dept.*, 183 Ohio App.3d 331, 2009-Ohio-3805.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–08–1391.

Decided July 31, 2009.

**332**

Charles Jones, pro se.

Julia R. Bates, Lucas County Prosecuting Attorney, and John A. Borell and Andrew K. Ranazzi, Assistant Prosecuting Attorneys, for appellants.

PIETRYKOWSKI, Judge.

{¶ 1} This is an appeal by appellants, the Lucas County Sheriff's Department, Valerie Sylvester, and Karen Zoliak, of an October 28, 2008 judgment of the Lucas County Court of Common Pleas. In the judgment, the trial court denied appellants' Civ.R. 12(C) motion for judgment on the pleadings in a civil action for damages brought by appellee, Charles Jones.

{¶ 2} Jones filed a pro se complaint on January 2, 2008. The complaint names Zoliak, Sylvester, and the Lucas County Sheriff's medical department as defendants.[1] The complaint identifies Zoliak as a nurse and Sylvester as the medical director at the sheriff's medical facility at the jail. According to the complaint, appellant's suit is brought "for neglect of duties, failure to treat injury properly, personal injury, mental anguish, and attempt to cover up problems with receiving wrong medication."

{¶ 3} Appellant alleges in the complaint that Zoliak gave him the wrong medication, "[w]hich caused Plaintiff to be dizzy and not able to walk are [sic] talk right. Plaintiff fell and damaged his shoulder." Appellant alleges that he saw doctors at the sheriff's medical department at the jail with respect to the shoulder

---

1. Appellants have treated the claim against the Lucas County Sheriff's medical department as presenting a claim against the Lucas County Sheriff's Department. Appellants' notice of appeal was filed by the "Lucas County Sheriff's Department and all defendants."

and that he was told that he needed physical therapy. He asserts that he was denied physical therapy. He also alleges that he was given no medication or given incorrect medication on six different days between October 22, 2007, and December 12, 2007. He further alleges that he repeatedly reported these failures in offense reports at the jail.

{¶ 4} Appellants filed an answer to the complaint and subsequently filed a Civ.R. 12(C) motion for judgment on the pleadings based upon the defense of sovereign immunity under R.C. 2744.03. The trial court overruled the motion, and appellants appeal that order.

{¶ 5} Appellants assert one assignment of error on appeal:

{¶ 6} "Assignment of Error No. 1

{¶ 7} "The trial court erred in failing to grant motion for judgment on the pleadings filed by appellants pursuant of Ohio Rev.Code 2744.03 as appellee's complaint did not allege any fact sufficiently that would strip appellants of their statutorily imposed governmental immunity."

{¶ 8} A Civ.R. 12(C) motion for judgment on the pleadings is treated as a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief may be granted. *Doty v. Fellhauer Elec., Inc.*, 175 Ohio App.3d 681, 2008-Ohio-1294, 888 N.E.2d 1138, ¶ 17; *McMullian v. Borean*, 167 Ohio App.3d 777, 2006-Ohio-3867, 857 N.E.2d 180, ¶ 7. This is because one can be reasonably characterized as a "belated" version of the other. *Whaley v. Franklin Cty. Bd. of Commrs.* (2001), 92 Ohio St.3d 574, 581, 752 N.E.2d 267; *Doty v. Fellhauer Elec., Inc.* at ¶ 17.

{¶ 9} As appellants' motion was based upon a claimed defense of sovereign immunity, the trial court's order denying the motion is immediately appealable under R.C. 2744.02(C) as interpreted by the Ohio Supreme Court in *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878. *Hubbell* at syllabus; *Slonsky v. J.W. Didado Elec. Inc.*, 9th Dist. No. 24228, 2008-Ohio-6791, 2008 WL 5340863, ¶ 7–9; *Lowery v. Cleveland*, 8th Dist. No. 90246, 2008-Ohio-132, 2008 WL 151880, ¶ 4.

{¶ 10} We review a trial court's order granting a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted on a de novo basis. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5; *Firelands Regional Med. Ctr. v. Jeavons*, 6th Dist. No. E–07–068, 2008-Ohio-5031, 2008 WL 4408600, ¶ 17. "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378. In considering such a motion, we accept as true the factual allegations of the complaint. *Perrysburg Twp. v. Rossford* at ¶ 5.

{¶ 11} "The standard for determining whether to grant a Civ.R. 12(B)(6) motion is straightforward. In order for a complaint to be dismissed under Civ.R. 12(B)(6) for failure to state a claim, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to relief. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus." *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 5.

{¶ 12} In their motion and on appeal, appellants have argued that the immunities afforded employees of political subdivisions under R.C. 2744.03 bar appellee's claims against the individual county defendants. Two individuals are named as defendants in the complaint: appellants Zoliak and Sylvester. The appellants have not argued any basis for dismissal of claims asserted against the Lucas County Sheriff's Department. We therefore limit our inquiry to claims against the two individual appellants.

{¶ 13} R.C. 2744.03(A)(6)(a), (b), and (c) set forth three exceptions to sovereign immunity for employees of political subdivisions in this state. The statute provides:

{¶ 14} "R.C. 2744.03

{¶ 15} "(A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:

{¶ 16} " * * *

{¶ 17} "(6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:

{¶ 18} "(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;

{¶ 19} "(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

{¶ 20} "(c) Civil liability is expressly imposed upon the employee by a section of the Revised Code. * * * "

### Recklessness

{¶ 21} In *Thompson v. McNeill* (1990), 53 Ohio St.3d 102, 104–105, 559 N.E.2d 705, the Supreme Court of Ohio employed the definition of "recklessness" under 2

Restatement of the Law 2d, Torts (1965) 587, Section 500, in considering tort liability between participants at sporting events. Subsequently, in *Fabrey v. McDonald Police Dept.* (1994), 70 Ohio St.3d 351, 356, 639 N.E.2d 31, the court approved use of the Restatement definition in determining immunities afforded Ohio political subdivisions and their employees under R.C. Chapter 2744. In *Thompson v. McNeill,* the court outlined the Restatement analysis:

{¶ 22} "'The Restatement of Torts 2d defines 'recklessness' as follows:

{¶ 23} " 'The actor's conduct is in reckless disregard of the safety of others if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.' 2 Restatement of the Law 2d, Torts (1965), at 587, Section 500. Comment *f* to Section 500 contrasts recklessness and intentional misconduct: 'While an act to be reckless must be intended by the actor, the actor does not intend to cause the harm which results from it.' Id. at 590. Comment *a* to Section 500 adds that ' * * * the risk must itself be an unreasonable one *under the circumstances.*' (Emphasis added.) Id. at 588." *Thompson v. McNeill,* at 104–105, 559 N.E.2d 705.

{¶ 24} The meaning of the term "recklessness" as used in R.C. 2744.03(A)(6)(b) was readdressed by the Ohio Supreme Court recently in its decision in *O'Toole v. Denihan,* 118 Ohio St.3d 374, 2008-Ohio-2574, 889 N.E.2d 505. The court quoted the Restatement analysis with approval. Id. at ¶ 73. The court in *O'Toole,* however, has included perverse disregard of a known risk as part of the definition: "[r]ecklessness is a perverse disregard of a known risk. Recklessness, therefore, necessarily requires something more than mere negligence. The actor must be conscious that his conduct will in all probability result in injury." *O'Toole* at paragraph three of the syllabus.

### Wanton Misconduct

{¶ 25} The term "wanton misconduct" was considered by the court in *Hawkins v. Ivy* (1977), 50 Ohio St.2d 114, 4 O.O.3d 243, 363 N.E.2d 367. In the opinion, the court concluded that wanton misconduct involved the failure to exercise any care under circumstances where the probability of harm is great: "Where the driver of an automobile fails to exercise any care whatsoever toward those to whom he owes a duty of care, and his failure occurs under circumstances in which there is great probability that harm will result, such failure constitutes wanton misconduct." Id. at 117–118, 4 O.O.3d 243, 363 N.E.2d 367.

{¶ 26} In overruling the motion for judgment on the pleadings, the trial court reasoned:

{¶ 27} "Here, Plaintiff asserts, among other things, specific allegations against several named individuals stating that he was denied medical attention and that he was provided the wrong medication * * * as well as an allegation of a 'cover up' of the above-mentioned treatment. The standard, as outlined above, it to determine whether the complaint fails to establish that Plaintiff could prove any set of facts entitling him to the requested relief, assuming that the material allegations in the pleadings and all reasonable inferences are true. See *Pinkerton* [*v. Thompson*, 174 Ohio App.3d 229, 2007-Ohio-6546, 881 N.E.2d 880], supra. Assuming the Plaintiff is correct in that he was given the wrong medication and/or denied necessary medical attention, and in assuming that Plaintiff is correct in that there was a 'cover up' of such behavior, this Court could infer that such behavior was done outside the scope of employment, and/or with malicious purpose, in bad faith, or in a wanton or reckless manner. Thus the motion must be denied."

{¶ 28} The allegations of the complaint are not of mere negligence. In our view, these allegations are not limited to claimed medical error by persons having a duty to provide medical care to appellee. They also include allegations of failure to treat and of a claimed cover-up of medication errors. Those allegations, if true, present circumstances under which appellee may be able to prove that the medical-care providers acted while conscious that their failure to treat and their cover-up of medical errors would in all probability result in further injury to appellee and, further, that the medical-care providers failed to exercise any care whatsoever to meet appellee's known medical needs. Under the allegations of the complaint, appellee may be able to prove a perverse disregard of known medical needs. Accordingly, we conclude that the complaint sets forth a claim for relief based upon claimed reckless or wanton misconduct, for which immunity is lacking under R.C. 2944.03(A)(6)(b).

{¶ 29} The trial court did not err in overruling appellants' motion for judgment on the pleadings. Appellants' assignment of error is not well taken.

{¶ 30} On consideration whereof, the court finds that substantial justice has been done the parties complaining and that appellants were not prejudiced or prevented from having a fair hearing. The judgment of the Lucas County Court of Common Pleas is affirmed, and this cause is remanded to that court for further proceedings consistent with this decision. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

SINGER and WILLAMOWSKI, JJ., concur.

JOHN R. WILLAMOWSKI, J., of the Third District Court of Appeals, sitting by assignment.