WALKER, Appellee,

v.

CITY OF TOLEDO, Appellee; Lucas County
Sheriff's Department et al., Appellants.

[Cite as *Walker v. Toledo*, 185 Ohio App.3d 212, 2009-Ohio-6259.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–09–1004.

Decided Nov. 20, 2009.

John L. Huffman, for appellee.

Julia R. Bates, Lucas County Prosecuting Attorney, and John A. Borell and Andrew K. Ranazzi, Assistant Prosecuting Attorneys, for appellants.

PIETRYKOWSKI, Judge.

{¶ 1} This is an appeal of a judgment denying appellants' pretrial motion for judgment on the pleadings based upon the defense of immunity under R.C. Chapter 2744. The Lucas County Court of Common Pleas overruled appellants' motion in a judgment filed on December 9, 2008.

{¶ 2} A judgment denying a Civ.R. 12(C) motion for judgment on the pleadings based upon claimed immunity under R.C. Chapter 2744 is subject to immediate appeal under R.C. 2744.02(C). *Jones v. Lucas Cty. Sheriff's Dept.*, 183 Ohio App.3d 331, 2009-Ohio-3805, 916 N.E.2d 1134, ¶ 9; see *Sullivan v. Anderson*, 122 Ohio St.3d 83, 2009-Ohio-1971, 909 N.E.2d 88, at ¶ 3; *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, at syllabus.

{¶ 3} Appellants are Detective Bruce Birr, Sergeant Robb Ellis, Deputy Jerry Taylor, Madeline Saionzkowski, Sheriff James Telb, and John and Jane Doe, probation officers. Appellee is Jacquelyn O. Walker. In the amended complaint,

appellee alleges that she was arrested by Toledo Police on a capias warrant that provided for the arrest of another person, named Jacquelyn R. Walker. According to the amended complaint, Jacquelyn O. Walker was then transported to the jail and held for an extended period of time.

{¶ 4} Appellants are persons named as defendants by appellee in the amended complaint and in the third-party complaint by defendant and third-party plaintiff, city of Toledo. They appeal the trial court's denial of their motion for judgment on the pleadings on the basis of sovereign immunity. They assert one assignment of error on appeal:

{¶ 5} "The trial court erred in failing to grant motion for judgment on the pleadings filed by Appellants pursuant to Ohio Rev.Code 2744.03 as neither Appellee's Amended Complaint nor City of Toledo's Third Party Complaint alleged any fact sufficiently that would strip Appellants of their statutorily imposed governmental immunity."

{¶ 6} We review a trial court's order granting a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted on a de novo basis. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5; *Firelands Regional Med. Ctr. v. Jeavons*, 6th Dist. No. E–07–068, 2008-Ohio-5031, 2008 WL 4408600, ¶ 17. "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378. In considering such a motion, we accept as true the factual allegations of the complaint. *Perrysburg Twp. v. Rossford* at ¶ 5.

{¶ 7} "The standard for determining whether to grant a Civ.R. 12(B)(6) motion is straightforward. In order for a complaint to be dismissed under Civ.R. 12(B)(6) for failure to state a claim, it must appear beyond a doubt from the complaint that the plaintiff can prove no set of facts entitling him to relief. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus." *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 5.

{¶ 8} The trial court granted the motion for judgment on the pleadings of co-defendant Lucas County Sheriff's Department based upon the immunity afforded political subdivisions under R.C. 2744.02. As to appellants, however, the trial court found that the amended complaint set forth a claim for which an exception to immunity is provided under R.C. 2744.03(A)(6).

{¶ 9} R.C. 2744.03(A)(6)(a), (b), and (c) set forth three exceptions to sovereign immunity for employees of political subdivisions in this state. The statute provides:

{¶ 10} "(6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:

{¶ 11} "(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;

{¶ 12} "(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

{¶ 13} "(c) Civil liability is expressly imposed upon the employee by a section of the Revised Code."

{¶ 14} The trial court concluded that the allegations of both the amended complaint and the third-party complaint set forth a claim within an exception to immunity set forth in R.C. 2744.03(A)(6)(b) based upon claimed reckless and wanton conduct. As to the amended complaint, the trial court reasoned:

{¶ 15} "Presuming that all factual allegations of the amended complaint are true and making all reasonable inference in favor of the non-moving party, Plaintiff has set forth a viable negligence claim by alleging that 'the named deputy defendants herein, reckless, and in wanton disregard for the rights of the plaintiff, failed to properly follow procedures and policies by not verifying or making certain that the capias warrant was issued for the correct individual, proximately resulting in plaintiff's wrongful arrest.' "

{¶ 16} The trial court concluded that the third-party complaint also included allegations of reckless conduct:

{¶ 17} "Third–Party Plaintiffs have set forth a viable negligence claim by alleging that '[a]s a direct result of the Lucas County Sheriff's Department and the above named Third Party Defendants' negligent and reckless failure to have properly issued a capias warrant for Jacquelyn R. Walker, the City of Toledo is being sued and will continue to incur costs and expense * * * as the result of the improper conduct of the Lucas County Defendants.' "

{¶ 18} Appellants argue that the allegations of the amended complaint and third-party complaint are conclusory and that use of "magic words" asserting recklessness or wanton misconduct is insufficient to allege a claim coming within one of the exceptions under R.C. 2744.03(A)(6) to immunity afforded employees of political subdivisions. In response, appellee argues that the allegations of the amended complaint were specific:

{¶ 19} "Rather, the Amended Complaint specifically alleged that employee(s) of the Lucas County Sheriff's Department 'had a duty to ascertain the proper identity of the plaintiff, issue a capias warrant in the proper name of the arrestee,

and had information available to them that was perversely disregarded, knowing that a mistake in issuance of a warrant would inflict an innocent person to arrest, and despite such knowledge, chose to disregard established procedures that would have prevented the arrest of the plaintiff.' "

## Recklessness

{¶ 20} In *Thompson v. McNeill* (1990), 53 Ohio St.3d 102, 104–105, 559 N.E.2d 705, the Supreme Court of Ohio employed the definition of "recklessness" under Restatement of the Law 2d, Torts (1965) 587, Section 500, in considering tort liability between participants at sporting events. Subsequently in *Fabrey v. McDonald Village Police Dept.* (1994), 70 Ohio St.3d 351, 356, 639 N.E.2d 31, the court approved use of the Restatement definition in determining immunities afforded Ohio political subdivisions and their employees under R.C. Chapter 2744. In *Thompson v. McNeill,* the court outlined the Restatement analysis:

{¶ 21} "The Restatement of Torts 2d defines 'recklessness' as follows:

{¶ 22} " 'The actor's conduct is in reckless disregard of the safety of others if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.' 2 Restatement of the Law 2d, Torts (1965), at 587, Section 500. Comment *f* to Section 500 contrasts recklessness and intentional misconduct: 'While an act to be reckless must be intended by the actor, the actor does not intend to cause the harm which results from it.' Id. at 590. Comment *a* to Section 500 adds that ' * * * the risk must itself be an unreasonable one *under the circumstances.*' (Emphasis added.) Id. at 588." *Thompson v. McNeill* at 104–105, 559 N.E.2d 705.

{¶ 23} The meaning of the term "recklessness" as used in R.C. 2744.03(A)(6)(b) was readdressed by the Ohio Supreme Court recently in its decision in *O'Toole v. Denihan,* 118 Ohio St.3d 374, 2008-Ohio-2574, 889 N.E.2d 505. The court quoted the Restatement analysis with approval. Id. at ¶ 73. The court in *O'Toole,* however, included perverse disregard of a known risk as part of the definition: "[r]ecklessness is a perverse disregard of a known risk. Recklessness, therefore, necessarily requires something more than mere negligence. The actor must be conscious that his conduct will in all probability result in injury." *O'Toole* at paragraph three of the syllabus.

## Wanton Misconduct

{¶ 24} The term "wanton misconduct" was considered by the court in *Hawkins v. Ivy* (1977), 50 Ohio St.2d 114, 4 O.O.3d 243, 363 N.E.2d 367. In the opinion,

the court concluded that wanton misconduct involved the failure to exercise any care under circumstances where the probability of harm is great: "Where the driver of an automobile fails to exercise any care whatsoever toward those to whom he owes a duty of care, and his failure occurs under circumstances in which there is great probability that harm will result, such failure constitutes wanton misconduct." Id. at 117–118, 4 O.O.3d 243, 363 N.E.2d 367.

{¶ 25} It is alleged in the amended complaint that appellants, as employees of the sheriff's department, failed to follow their own procedures, "had a duty to ascertain the proper identity of the plaintiff, issue a capias warrant in the name of the proper arrestee, and had information available to them that was perversely disregarded, knowing that a mistake in issuance of a warrant would inflict an innocent person to arrest, and despite such knowledge, chose to disregard established procedures that would have prevented the arrest of the plaintiff." The third-party complaint is predicated upon the claims asserted by appellee in her action against the city and appellants.

{¶ 26} In deciding a motion for judgment on the pleadings the court is to accept the allegations of the complaint as true. In our view, these allegations, if true, present a claim within an exception to the immunity afforded employees of political subdivisions in Ohio for reckless or wanton misconduct. The pleadings do not demonstrate that appellee and the city of Toledo could prove no set of facts that would entitle them to relief. Accordingly, we conclude that the trial court did not err in overruling the motion for judgment on the pleadings. Appellants' assignment of error is not well taken.

{¶ 27} On consideration whereof, the court finds that substantial justice has been done the parties complaining. The judgment of the trial court is affirmed. Appellants are ordered to pay costs pursuant to App.R. 24.

Judgment affirmed.

HANDWORK, P.J., and ABOOD, J., concur.

CHARLES D. ABOOD, J., retired, sitting by assignment.