DOTY et al., Appellants and Cross–Appellees,

v.

FELLHAUER ELECTRIC, INC., et al., Appellees and Cross–Appellants.

[Cite as *Doty v. Fellhauer Elec., Inc.*, 175 Ohio App.3d 681, 2008-Ohio-1294.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–07–023.

Decided March 21, 2008.

Randall S. Rabe and Kenneth T. Levine, for appellants and cross-appellees.

Allen L. Rutz and William D. Kloss, Jr., for appellee and cross-appellant Intermatic, Inc.

PIETRYKOWSKI, Presiding Judge.

{¶ 1} This case is an interlocutory appeal of the May 15, 2007, and November 20, 2006 judgment entries of the Ottawa County Court of Common Pleas, which dismissed appellants and cross-appellees' claims for breach of implied warranty against appellee and cross-appellant, Intermatic, Inc. Because we find that the trial court erroneously dismissed appellants' claim for damages to real property, we reverse.

{¶ 2} The relevant facts of this case are as follows. On December 15, 2005, appellants, Stan and Lela Doty and Jerome and Catherine Schacht, commenced the instant action against appellee, Intermatic, Inc., and Fellhauer Electric, Inc. The complaint stemmed from a November 11, 2003 fire at the Doty residence, which was caused by the malfunction of an electrical apparatus; the fire also damaged the next-door Schacht residence. Intermatic manufactured the apparatus, and Fellhauer installed the apparatus. The complaint raised the following claims against Intermatic: common-law negligent-design and manufacture-product-liability claims, and statutory product-liability claims. The statutory product-liability claims were ultimately dismissed, without opposition, as being filed beyond the two-year limitations period set forth in R.C. 2305.10.

{¶ 3} On September 13, 2006, appellants filed a voluntary notice of partial dismissal, dismissing Fellhauer from the lawsuit. On September 15, 2006, appellee filed a Civ.R. 12(C) motion for judgment on the pleadings. In its motion, appellee argued that pursuant to Am.Sub. No. 80, the Tort Reform Act ("S.B.80"), effective April 7, 2005, appellants' common-law product-liability claims were abrogated by statute. Alternatively, appellee argued that the claims were

barred by the two-year statute of limitations period, R.C. 2305.10, applicable to product-liability claims.

{¶ 4} In response, appellants asserted that their common-law claims accrued prior to the April 7, 2005 effective date and were not abrogated retroactively. Appellants further contended that the two-year product-liability statute of limitations, also effective April 7, 2005, applied only to statutory product-liability causes of action. Appellants argued that their claims were governed by the four-year tort statute of limitations in R.C. 2305.09(D).

{¶ 5} The trial court's November 20, 2006 judgment entry granted appellee's motion in part and denied it in part. The trial court determined that appellants' claims of common-law negligent design and breach of implied warranty survived the 1988 Ohio Products Liability Act, R.C. 2307.71 et seq. The court then held that appellants' action for negligent design was not barred by the applicable statute of limitations but that their claim for breach of implied warranty was time-barred.

{¶ 6} In reaching its findings, the trial court relied on the Supreme Court of Ohio's decision in *Carrel v. Allied Prods. Corp.* (1997), 78 Ohio St.3d 284, 677 N.E.2d 795. The *Carrel* court, strictly construing the applicable statutes, held: "The common-law action of negligent design survives the enactment of the Ohio Products Liability Act, R.C. 2307.71 et seq." Id. at paragraph one of the syllabus. In a footnote, the trial court remarked:

{¶ 7} "Plaintiffs also assert that while the Tort Reform Act provides that 'Sections 2307.71 to R.C. 2307.80 of the Revised Code are intended to abrogate all common law product liability causes of action,' there is nothing in the statute that expresses any intent by the legislature to apply this abrogation retroactively to causes of action that had already accrued prior to the statute's change. See S.B. 80, Tort Reform Act."

{¶ 8} The trial court then addressed the issue of whether appellants' claims, negligent design and breach of implied warranty, were barred by the applicable statutes of limitations. Regarding negligent design, the court found that the four-year negligence statute of limitations, R.C. 2305.09, applied. As to breach of implied warranty, the court concluded that because appellants were not in privity of contract with Intermatic, the claim was barred by the two-year statute of limitations in R.C. 2305.10.

{¶ 9} The parties both disputed portions of the trial court's judgment. On April 6, 2007, appellee requested that the trial court modify its judgment to include Civ.R. 54(B) language allowing the parties to appeal. On May 15, 2007, the trial court modified its November 20, 2006 judgment to include Civ.R. 54(B) language; this appeal followed.

{¶ 10} Appellants and cross-appellees now raise the following assignment of error:

{¶ 11} "The trial court erred as a matter of law in dismissing Plaintiffs' common law claim for breach of implied warranty in tort under the two-year statute of limitations set forth in R.C. 2305.10."

{¶ 12} Appellee and cross-appellant raises the following two assignments of error for our consideration:

{¶ 13} "First Assignment of Error

{¶ 14} "The trial court erred as a matter of law in failing to apply the two-year statute of limitations set forth in R.C. 2305.10 to Plaintiffs' common law product liability claim sounding in negligence.

{¶ 15} "Second Assignment of Error

{¶ 16} "The trial court erred as a matter of law and ignored legislative intent in failing to hold that common law product liability had been abrogated by statute."

{¶ 17} At the outset, we note that "[a] Civ.R. 12(C) motion for judgment on the pleadings has been characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief can be granted." *Whaley v. Franklin Cty. Bd. of Commrs.* (2001), 92 Ohio St.3d 574, 581, 752 N.E.2d 267, citing *Nelson v. Pleasant* (1991), 73 Ohio App.3d 479, 482, 597 N.E.2d 1137, and *Gawloski v. Miller Brewing Co.* (1994), 96 Ohio App.3d 160, 163, 644 N.E.2d 731. "In order for a complaint to be dismissed under Civ.R. 12(B)(6) for failure to state a claim, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to relief." *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 5, citing *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. The court must presume that all factual allegations in the complaint are true and construe all inferences that may be reasonably drawn therefrom in favor of the nonmoving party. *Desenco, Inc. v. Akron* (1999), 84 Ohio St.3d 535, 538, 706 N.E.2d 323. Appellate review of a trial court's decision to dismiss a claim pursuant to Civ.R. 12(B)(6) is de novo. *Hunt v. Marksman Prod., Div. of S/R Industries, Inc.* (1995), 101 Ohio App.3d 760, 762, 656 N.E.2d 726.

{¶ 18} In appellants' sole assignment of error, they contend that the trial court erroneously dismissed their breach-of-implied-warranty-in-tort claim under the two-year statute of limitations period in R.C. 2305.10. Conversely, appellee disputes the trial court's failure to apply the two-year product-liability statute of limitations, set forth in R.C. 2305.10, to appellants' negligent-design claim. Appellee, in its second assignment of error, further argues that the trial court erred by failing to find that appellants' common-law product-liability claims were abrogated by the April 7, 2005 amendment to R.C. 2307.71.

{¶ 19} The outcome of this appeal hinges on this court's resolution of the following two issues: (1) whether the S.B. 80 amendments to R.C. 2307.71 et seq. retroactively abrogate appellants' common-law product-liability claims and (2) whether R.C. 2305.10, setting forth the two-year products-liability statute of limitations, applies to bar appellants' claims. We begin by quoting the relevant statutory provisions. R.C. 2307.71, effective April 7, 2005, provides:

{¶ 20} "(A)(13) 'Product liability claim' means a claim or cause of action that is asserted in a civil action pursuant to sections 2307.71 to 2307.80 of the Revised Code and that seeks to recover compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property other than the product in question, that allegedly arose from any of the following:

{¶ 21} "(a) The design, formulation, production, construction, creation, assembly, rebuilding, testing, or marketing of that product;

{¶ 22} "(b) Any warning or instruction, or lack of warning or instruction, associated with that product;

{¶ 23} "(c) Any failure of that product to conform to any relevant representation or warranty.

{¶ 24} " 'Product liability claim' also includes any public nuisance claim or cause of action at common law in which it is alleged that the design, manufacture, supply, marketing, distribution, promotion, advertising, labeling, or sale of a product unreasonably interferes with a right common to the general public.

{¶ 25} " * * *

{¶ 26} "(B) Sections 2307.71 to 2307.80 of the Revised Code are intended to abrogate all common law product liability claims or causes of action."

{¶ 27} R.C. 2305.10, effective April 7, 2005, provides, inter alia, a two-year statute of limitations period for product-liability claims and states:

{¶ 28} "(A) Except as provided in division (C) or (E) of this section, an action based on a product liability claim and an action for bodily injury or injuring personal property shall be brought within two years after the cause of action accrues. Except as provided in divisions (B)(1), (2), (3), (4), and (5) of this section, a cause of action accrues under this division when the injury or loss to person or property occurs.

{¶ 29} " * * *

{¶ 30} "(F) [redesignated as section (G) in 2006] This section shall be considered to be purely remedial in operation and shall be applied in a remedial manner in any civil action commenced on or after April 7, 2005, in which this section is relevant, regardless of when the cause of action accrued and notwithstanding any

other section of the Revised Code or prior rule of law of this state, but shall not be construed to apply to any civil action pending prior to April 7, 2005."

{¶ 31} We must also review the basic tenets of statutory construction. R.C. 1.48 provides that "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." Further, R.C. 1.42 states that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." In construing a statute, we must ascertain the intent of the legislature. *In re Guardianship of Lombardo* (1999), 86 Ohio St.3d 600, 604, 716 N.E.2d 189.

{¶ 32} Regarding R.C. 2307.71, the General Assembly stated that it is "intended to supersede the holding of the Ohio Supreme Court in *Carrel v. Allied Products Corp.* (1997), 78 Ohio St.3d 284 [677 N.E.2d 795], that the common-law product liability cause of action of negligent design survives the enactment of the Ohio Product Liability Act, sections 2307.71 to 2307.80 of the Revised Code, and to abrogate all common law product liability causes of action."

{¶ 33} This court will first address the general applicability of R.C. 2307.71 et seq. to appellants' claims. Specifically, the issue at hand in appellee and cross-appellant's second assignment of error is whether the S.B. 80 amendments apply to abrogate appellants' common-law product-liability claims.

{¶ 34} To date, only a small number of Ohio courts have examined whether the S.B. 80 amendments to R.C. 2307.71 apply prospectively or retroactively. In *Hertzfeld v. Hayward Pool Prods., Inc.*, 6th Dist. No. L–07–1168, 2007-Ohio-7097, 2007 WL 4563446, this court rejected the appellee's argument that the appellant's common-law liability claims had been abrogated by R.C. 2307.71(B). We stated: "That section was added by S.B. 80, and was not effective until April 7, 2005. The instant cause of action arose on June 1, 2003, when appellants were injured. Therefore, the state of products liability law as of the date the cause of action arose applies." Id. at ¶ 56.

{¶ 35} Similarly, in *Luthman v. Minster Supply Co.*, 3d Dist. No. 2–06–43, 2008-Ohio-165, 2008 WL 169999, the Third Appellate District found that because the appellant's cause of action arose prior to the April 7, 2005 effective date, even though the complaint was filed on June 5, 2005, the amendment to R.C. 2307.71 did not apply. Id. at ¶ 15.

{¶ 36} As set forth above, the statutory-construction rules dictate that a statute is presumed to be prospective. Although R.C. 2307.71 clearly states the intent to abrogate all common-law product-liability claims, it does not provide that causes of action accruing prior to the effective date would be subject to the amendment. Accordingly, as in *Hertzfeld* and *Luthman,* we find that the R.C.

2307.71 amendment does not apply to abrogate appellants' claims. Accordingly, appellee and cross-appellant's second assignment of error is not well taken.

{¶ 37} We will next address the issue raised in appellants' assignment of error and appellee and cross-appellant's first assignment of error. Appellants argue that the trial court erroneously applied the two-year statute-of-limitations period, R.C. 2305.10(A), to their claim for breach of implied warranty. Appellants contend that R.C. 2305.10 applies only to claims brought under the Products Liability Act. Appellants assert that R.C. 2305.09(D), the four-year limitations period for certain undesignated torts, applies.[1]

{¶ 38} Appellee's first assignment of error contends that the two-year limitations period, R.C. 2305.10(A), applies to all product-liability claims filed after April 7, 2005. Thus, the trial court erred when it found that appellants' negligent-design claim was subject to the four-year statute-of-limitations period set forth in R.C. 2305.09(D).

{¶ 39} Initially, we note that when determining the applicable statute of limitation period of a particular claim, a court must look at the nature of the claim, not the form of the complaint. *Love v. Port Clinton* (1988), 37 Ohio St.3d 98, 99, 524 N.E.2d 166, quoting *Hambleton v. R.G. Barry Corp.* (1984), 12 Ohio St.3d 179, 183, 12 OBR 246, 465 N.E.2d 1298. Further, " '[a] special statutory provision which relates to the specific subject matter involved in litigation is controlling over a general statutory provision which might otherwise be applicable.' " Id., quoting *Andrianos v. Community Traction Co.* (1951), 155 Ohio St. 47, 44 O.O. 72, 97 N.E.2d 549, paragraph one of the syllabus.

{¶ 40} We will first address appellants' argument that the trial court erroneously applied the two-year statute of limitations period, R.C. 2305.10(A), to their breach-of-an-implied-warranty claim. In its decision, the trial court found that the correct limitations period was two years because appellants were not in privity of contract with appellee. In support, the trial court relied on *United States Fid. & Guar. Co. v. Truck & Concrete Equip. Co.* (1970), 21 Ohio St.2d 244, 50 O.O.2d 480, 257 N.E.2d 380, and *Lee v. Wright Tool & Forge Co.* (1975), 48 Ohio App.2d 148, 2 O.O.3d 115, 356 N.E.2d 303. The cases involved claims for personal injuries and damages to personal property. In *United States Fid. & Guar. Co.*, the Supreme Court of Ohio held:

{¶ 41} "An action in tort for damage to personal property, which is based upon a breach of a duty assumed by the manufacturer-seller of a product by reason of

---

1. R.C. 2305.09 provides that "[a]n action for any of the following causes shall be brought within four years after the cause thereof accrued: * * * (D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 1304.35, 2305.10 to 2305.12, and 2305.14 of the Revised Code."

the manufacturer's implicit representation of good and merchantable quality and fitness for the intended use when he sells the product, is limited as to the time in which it shall be brought by the provisions of Section 2305.10, Revised Code, which provides that 'An action for * * * injuring personal property shall be brought within two years after the cause thereof arose.'" Id. at paragraph two of the syllabus.

{¶ 42} Upon review, we find that the cases relied on by the trial court are not applicable to appellants' claim of breach of an implied warranty as it relates to damages to real property. Much like appellants' negligent-design claim, such an allegation sounds in tort law, not contract law. See *Northland Ins. Co. v. Palm Harbor Homes, Inc.*, 12th Dist. No. CA2006–07–021, 2007-Ohio-1655, 2007 WL 1041424, citing *White v. DePuy* (1998), 129 Ohio App.3d 472, 478, 718 N.E.2d 450. The Ohio Supreme Court has determined that the four-year statute of limitations found in R.C. 2305.09 governs such claims. *Sun Refining & Marketing Co. v. Crosby Valve & Gage Co.* (1994), 68 Ohio St.3d 397, 627 N.E.2d 552, syllabus. See *JRC Holdings, Inc. v. Samsel Servs. Co.*, 166 Ohio App.3d 328, 2006-Ohio-2148, 850 N.E.2d 773.

{¶ 43} Accordingly, we find that the trial court erroneously dismissed appellants' breach-of-implied-warranty claim for damages to real property as being subject to the two-year statute-of-limitations period in R.C. 2305.10(A). Therefore, we find that appellants' assignment of error is well taken.

{¶ 44} Appellee and cross-appellant's first assignment of error contends that the trial court erroneously applied the four-year statute of limitations to appellants' negligent-design claim. As set forth above, we agree that R.C. 2305.10(A) was the applicable statute-of-limitations period for any claims of loss to personal property, regardless of the April 7, 2005 amendment to the statute. However, with regard to the loss to real property, the proper limitations period was R.C. 2305.09(D).

{¶ 45} In conclusion, we note that the Tort Reform Act, effective April 7, 2005, amended R.C. 2305.10(A) specifically to include products-liability claims. Because we have found that R.C. 2307.71 does not apply retroactively, we likewise conclude that R.C. 2305.10(A) does not retroactively apply to bar appellants' claims.[2] Appellee and cross-appellant's first assignment of error is not well taken.

---

2. Although we have found that R.C. 2305.10 does not apply to the present case, we note that the Supreme Court of Ohio has recently held that amendments to R.C. 2305.10(C) and (F) applied retroactively in that they, as a statute of repose, acted to bar a plaintiff's claims. *Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377. The court distinguished between vested rights with regard to a typical statute of limitations and a statute

{¶ 46} On consideration whereof, we find that appellants, as it relates to their breach-of-implied-warranty claim for damages to real property, were prejudiced and prevented from having a fair proceeding. The judgment of the Ottawa County Court of Common Pleas is reversed, and the case is remanded for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, the fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.

Judgment reversed
and cause remanded.

HANDWORK and SKOW, JJ., concur.

of repose, which "does not deny a remedy for a vested cause of action but, rather, bars the action before it ever arises." Id. at ¶ 142. The court further found that, as applied to the plaintiff, the statute was unconstitutional in that it gave him only 34 days following the injury within which to commence his lawsuit. Unlike R.C. 2305.10(C), R.C. 2305.10(A) is not a statute of repose; it is a statute of limitations.