[Cite as *Danziger v. Allen*, 2019-Ohio-3811.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

Samuel R. Danziger                              Court of Appeals No.  S-19-004

    Appellant                               Trial Court No.  18 CV 1049

v.

Michael D. Allen, Sr., et al.                   **DECISION AND JUDGMENT**

    Appellees                               Decided:  September 20, 2019

* * * * *

Samuel R. Danziger, pro se.

Joseph R. Miller and Sarah S. Boudouris, for appellees.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Plaintiff-appellant, Samuel R. Danziger, commenced this pro se appeal

following the December 17, 2018 judgment of the Sandusky County Court of Common

Pleas dismissing his "Verified Petition for Extraordinary Relief in the Nature of Removal

of Directors of Crogan Bancshares, Inc.; For the Appointment of a Conservator; and for Injunctive Relief" pursuant to Civ.R. 12(B)(6). For the reasons that follow, we affirm.

{¶ 2} The relevant facts of this case are as follows. Appellant, a shareholder of Crogan Bancshares, Inc., commenced this action on October 9, 2018, against the board of directors of Crogan Bancshares (the Board) arguing breach of duty and requesting that the directors be removed and that a conservator be appointed. Appellant further requested that the court issue an injunction requiring that proxy proposals be forwarded to the Board.

{¶ 3} Appellant's dispute with the Board stemmed from its decision to screen all written communications to the Board through the bank president prior to being forwarded. The president also had the discretion to discard any written communications he considered "offensive" or "demeaning attacks of a personal nature."

{¶ 4} On November 8, 2018, appellees, 11 members of the Board, filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim for which relief can be granted. In their motion, the Board argued that appellant's request that the court remove the directors was not a cognizable claim under Ohio law. Appellees further argued that appellant's request for an injunction was premature. Finally, they argued that appellant has no right to the appointment of a conservator and, regardless, appellant failed to name the corporation as a defendant. Appellees attached various letters and documents to their motion.

2.

{¶ 5} On November 26, 2018, appellant filed an omnibus motion requesting, inter alia, an extension of time to respond to appellees' motion to dismiss. The Board filed their response to appellant's motion on December 5, 2018. As to appellant's motion for an extension of time, appellees noted that although their motion to dismiss had been pending for nearly four weeks, they did not oppose a "reasonable extension of time" for appellant to respond.

{¶ 6} On December 17, 2018, the trial court granted appellees' motion to dismiss. The court agreed that appellant's complaint failed to set forth any cognizable claim for relief. Specifically, the court noted that appellant's request that the court remove the Board members, an injunction be issued allowing the proxy proposals to go forward, and a conservator be appointed were not redressible claims. The court also denied appellant's motion for an extension of time.

{¶ 7} This appeal followed with appellant presenting three assignments of error for our review:

First Assignment of Error: The trial court abused its discretion by not granting/denying appellant's omnibus motion in the proceedings below before entering judgment.

Second Assignment of Error: The trial court failed to give notice to appellant under Civ.R. 56(B) that the trial court was moving on to entry of judgment under Civ.R. 56(B).

3.

Third Assignment of Error: The trial court's judgment under Civ.R. 56(B) was misguided.

**{¶ 8}** In appellant's first assignment of error he contends that the trial court erred in granting appellees' motion to dismiss prior to ruling on his omnibus motion which included a request for an extension of time to respond to the motion to dismiss. Appellant further states that appellees did not oppose the court granting an extension of time.

**{¶ 9}** Under Loc.R. 6 of the Sandusky County Court of Common Pleas, appellant had 14 days to oppose the motion to dismiss. Appellant's omnibus motion was filed 18 days after the motion, and the motion to dismiss was granted 34 days after appellees filed their motion to dismiss. After the expiration of the allotted time a court may allow the late filing of a response "where the failure to act was the result of excusable neglect."

**{¶ 10}** A court's ruling on a request for an extension of time is reviewed for an abuse of discretion. Civ.R. 6(B). Appellant's request for an extension fails to acknowledge that the request was filed after the expiration of the 14 day period. Appellant does state, however, that an extension was needed because other the other requests made by motion would "dictate" the court's decision whether to grant or deny the motion to dismiss.

**{¶ 11}** On review, we cannot find that the trial court abused its discretion when it denied appellant's motion for an extension of time. As discussed below, even assuming

4.

that the court erred, any error was harmless as it is apparent from the complaint that appellant raised no viable claim for relief. Appellant's first assignment of error is not well-taken.

{¶ 12} Appellant's second and third assignments of error argue that the trial court wrongly considered evidence outside the pleadings when it granted appellees' motion to dismiss without converting the motion to a Civ.R. 56(B) motion for summary judgment. Civ.R. 56 provides, in relevant part:

> (B) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * *, (6) failure to state a claim upon which relief can be granted * **. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. * * *. *When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56.* Provided however, that the court shall consider only such matters outside the pleadings as are specifically

5.

enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.

(Emphasis added.)

{¶ 13} Because all facts alleged in the complaint are presumed true under a Civ.R. 12(B)(6) analysis, only questions of law are presented. *Thornton v. Cleveland*, 176 Ohio App.3d 122, 2008-Ohio-1709, 890 N.E.3d 353, ¶ 3 (8th Dist.). The standard of review for dismissals granted pursuant to Civ.R. 12(B)(6) is de novo. *Doty v. Fellhauer Elec., Inc.*, 175 Ohio App.3d 681, 2008-Ohio-1294, 888 N.E.2d 1138, ¶ 17 (6th Dist.). Under Civ.R. 12(B)(6), failure to state a claim, the court must determine whether it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Baker v. Senior Emergency Home Repair EOPA*, 6th Dist. Lucas No. L-14-1203, 2015-Ohio-3083, ¶ 5, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).

{¶ 14} In ruling on a motion to dismiss for failure to state a claim, a court is not permitted to consider materials outside the plaintiff's complaint. *See* Civ.R. 12(B)(6), *supra*. If resolution of the issue requires consideration of matters outside the pleading, then the court must notify the parties. Failure to notify the parties that a court is converting a motion to dismiss to a motion for summary judgment is reversible error. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94, 96, 647 N.E.2d 788 (1995).

6.

**{¶ 15}** In the present case, in the trial court's judgment entry there is no indication that it considered any of the materials attached to the motion to dismiss. The court specifically and repeatedly references only the language in the complaint/petition. Further, and importantly, the exhibits attached to the motion are unauthenticated and not of the type permitted under Civ.R. 56.

**{¶ 16}** In reaching its decision, the court first concluded, citing *Franks v. Rankin*, 10th Dist. Franklin Nos. 11AP-934, 11AP-962, 2012-Ohio-1920, that it did not have the authority under Ohio law to remove corporate directors. *See generally*, 2 Fletcher Cyclopedia of the Law of Corporations, Section 358 (Sept. 2018 Update); 2 Cox & Hazen, Treatise on the Law of Corporations, Section 9:16 (3d Ed.2011, Nov. 2018 Update). Reviewing the relevant case law, we agree that the court did not have the authority to remove the directors.

**{¶ 17}** As to appellant's claim regarding the proxy proposals, we likewise agree that any claims relating thereto were premature. No proxy proposals had been withheld on the date the complaint was filed; thus, no alleged injury had occurred.

**{¶ 18}** Finally, as to the appointment of a conservator, R.C. 1125.09 specifically vests the superintendent of financial institutions with authority to appoint a conservator to take possession of the property and business of a bank under various conditions including insolvency or improper acts which threaten its depositors or creditors. The court does not have such authority.

7.

{¶ 19} Based on the foregoing, we find that the trial court did not err in granting appellees' motion to dismiss for failure to state a claim. Appellant's second and third assignments of error are not well-taken.

{¶ 20} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Sandusky County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

9.