[Cite as *Adamson, Admr. v. Buckenmeyer*, 2020-Ohio-4241.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Amanda Adamson, Administrator of
the Estate of Joan Adamson

Court of Appeals No. L-20-1014

    Appellee

Trial Court No. CI0201802665

v.

Carrie Buckenmeyer

    Appellant

v.

Norma Holguin

**DECISION AND JUDGMENT**

    Appellee

Decided:  August 28, 2020

* * * * *

Robert W. Bryce and Paul Cordell, for appellee Amanda Adamson.

Vesper C. Williams II, for appellant.

D. Casey Talbott and Mark W. Sandretto, for appellee Norma Holguin.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an accelerated appeal from four judgments by the Lucas County Common Pleas Court.  For the reasons set forth below, this court affirms the judgments of the trial court.

{¶ 2} Defendant-appellant, Carrie Buckenmeyer (hereafter "Buckenmeyer") filed this appeal setting forth two assignments of error:

> I. The trial court abused its discretion [in the April 16, 2019 judgment entry] by determining that [Defendant's] Third-Party Complaint on its face is barred by R.C. 2305.10.

> II. The trial court abused its discretion [in the October 10, 2019 judgment entry] by finding that the Defendant's course of conduct manifests willful inaction and bad faith and accordingly granted Plaintiff's motion for sanctions rending (sic.) a default judgment as to the issue of liability [and the December 19, 2019 damage award].

## I. Background

{¶ 3} On June 6, 2018, plaintiff-appellee, Amanda Adamson, Administrator of the Estate of Joan Adamson (hereafter, "Adamson"), filed a complaint against Buckenmeyer claiming reckless, wanton and negligent operation of a motor vehicle. Adamson alleged that on August 4, 2016, on a public road in Fulton County, Ohio, Buckenmeyer operated a motor vehicle while impaired by recreational drugs and swerved head-on into the vehicle in which Adamson and Adamson's mother were passengers. As a result of the head-on collision, Adamson's mother died and Adamson was injured.

{¶ 4} On June 21, 2018, Buckenmeyer filed a pro se answer that expressed remorse and denied owing Adamson any damages above what the "Fulton County * * * court ordered me to pay [as] the exact (and fair) expenses to Ms. Adamson."

2.

Buckenmeyer raised no other defenses and denied no other allegations in Adamson's complaint.

{¶ 5} On November 2, Buckenmeyer's new counsel filed an appearance with the trial court and moved for leave "to file a responsive pleading within 28 days." The trial court granted the motion, and Buckenmeyer filed an "Answer and Third-Party Complaint" on December 6. She generally denied Adamson's allegations, raised affirmative defenses, and alleged a third-party complaint against the third-party defendant-appellee, Norma Holguin (hereafter, "Holguin"). Buckenmeyer alleged that Holguin operated her vehicle in a reckless, wanton and negligent manner "while severely impaired by a voluntary mix of medications" and caused the August 4, 2016 accident in which Buckenmeyer was injured and suffered damages. Buckenmeyer's third-party complaint failed to allege contribution or indemnification from Holguin for Adamson's claims against Buckenmeyer.

{¶ 6} On March 6, 2019, Holguin filed a motion to dismiss Buckenmeyer's third-party complaint pursuant to Civ.R. 12(B)(6). Holguin argued Buckenmeyer's claims were barred by the two-year statute of limitations set forth in R.C. 2305.10(A). After Buckenmeyer opposed the motion, the trial court granted Holguin's motion with prejudice on April 16. Buckenmeyer appealed, and this court dismissed that appeal for lack of a final, appealable order. *Adamson v. Buckenmeyer*, 6th Dist. No. L-19-1102 (June 20, 2019).

3.

{¶ 7} Meanwhile, discovery disputes arose. Adamson served discovery interrogatories and document production requests to Buckenmeyer on July 20 and December 11, 2018. Buckenmeyer failed to respond. According to the trial schedule journalized on November 7, 2018, Adamson was to disclose expert witnesses by January 8, 2019, Buckenmeyer was to disclose expert witnesses by February 8, and discovery between the parties was to be completed by March 8. Trial was to commence on July 8.

{¶ 8} On January 10, 2019, Buckenmeyer requested unspecified additional time from Adamson to respond to Adamson's discovery demands, and Adamson agreed. Adamson disclosed four expert witnesses on January 17. On February 8, Buckenmeyer served answers to Adamson's interrogatories, but not the requests for production. Then on February 11 Buckenmeyer disclosed two expert witnesses.

{¶ 9} By March 13, Adamson contacted Buckenmeyer about her lack of responses. Buckenmeyer's failure to respond continued, and Adamson filed her first motion to compel discovery on April 8. Then on April 15, Buckenmeyer filed a notice of service of her discovery responses. By judgment entry journalized on April 24, the trial court denied Adamson's motion to compel as moot due to Buckenmeyer's notice. However, the trial court stated, "If the discovery is incomplete and the parties are unable to resolve those issues, the Plaintiff is, of course, able to refile her Motion."

{¶ 10} Adamson filed her second motion to compel discovery on May 1, stating that as of that date, Buckenmeyer produced no documents requested, including those

4.

"having to do with Defendant Buckenmeyer's experts." Adamson attached to her motion the 23 requests for documents served on Buckenmeyer the year before. Adamson acknowledged that Buckenmeyer provided responsive medical records for Buckenmeyer and Holguin. Buckenmeyer neither opposed the motion nor sought any protective orders under Civ.R. 26(C), and by judgment entry journalized on May 24, the trial court granted Adamson's motion and ordered Buckenmeyer to comply by June 5. On June 3, Buckenmeyer filed a notice of service of her supplemental discovery responses.

{¶ 11} Adamson then filed her third motion to compel discovery on June 13, stating that what Buckenmeyer produced on June 3 was "in a less than meaningful fashion." Rather than comply with Civ.R. 34(B)(1), Adamson alleged Buckenmeyer merely provided three piles of papers: "There is no indication of which document is related to which Request for Production of Documents. Plaintiff's counsel literally received a pile of papers. One pile of papers was labeled Part One, another Part Two, and a third Part Three." Adamson reviewed each of the 23 requests for production to demonstrate the confusion posed by speculating which pile of documents might be "slightly" responsive to a particular request item. Adamson argued, "One simply does not submit a pile of 'stuff,' claiming it is what you've asked for. That's not the Rule. That's not how it's done."

{¶ 12} Buckenmeyer neither opposed the third motion to compel nor sought any protective orders, and by judgment entry dated on July 2, the trial court granted

5.

Adamson's motion to compel and ordered Buckenmeyer to comply within 14 days, or by July 17. The trial court specified:

> Defendant shall respond to each document request individually, specifically identifying which document is responsive to which request. If Defendant does not have any documents responsive to a particular request, she shall, in writing, indicate as such. If defense counsel has an objection to a particular request, the objection shall be set forth in writing and signed by defense counsel. If Ms. Buckenmeyer fails to comply within the timeframe set forth above, sanctions may result, including but not limited to the Court awarding Plaintiff's attorney fees associated with filing its Motion to Compel.

{¶ 13} Adamson filed her second motion for sanctions on August 23, stating that Buckenmeyer "has done absolutely nothing," despite the trial court's clear instructions. Adamson requested from the trial court "a ruling in favor of Plaintiff be granted on the issue of liability, only." Adamson argued the requested sanction was not too extreme because Buckenmeyer's guilty plea to aggravated vehicular homicide is admissible in this civil action and is an admission by Buckenmeyer of responsibility for Adamson's claims, including the death of Adamson's mother. Adamson further argued, "As such, a sanction imposing liability against Defendant Buckenmeyer is reasonable. The Court has wide latitude in determining sanction[s.] Plaintiff requests the Court exercise its authority."

6.

{¶ 14} Buckenmeyer waited until September 10 to file a motion for an extension of time to respond to Adamson's motion for sanctions. Buckenmeyer stated, "The issue is mostly with the defendant's expert witness' exhibits. To organize those exhibits required contact with the defendant's expert who was out of this country * * *. Additional time is needed to sort plaintiff's request to list and number the responses as they are seeking organization of responses." The trial court granted Buckenmeyer time to respond to the motion for sanctions by September 17.

{¶ 15} Instead, on September 17 Buckenmeyer filed a "Notice of Compliance" to Adamson's production requests, and on September 18 Buckenmeyer filed answers, responses, and objections to Adamson's production requests claiming her expert witness reports and related materials were protected from discovery as attorney work product. This objection was repeated eight times. In one response Buckenmeyer answered, "I have not read or reviewed any materials relied upon by the experts * * *." In another response, Buckenmeyer answered, "I understand that my attorney has provided to Plaintiff's attorney copies of materials used by my experts to support their opinions. However, we do not understand them * * *."

{¶ 16} Then on September 18, Buckenmeyer finally opposed Adamson's motion for sanctions. She argued possessing proof she did not cause the fatal vehicle accident, even though "[a]t the scene of the accident there was a rush to judgment by the authorities that the accident was defendant's fault." Buckenmeyer argued, "Defendant's counsel provided evidence to Plaintiff's counsel who is now trying to win the case on any

7.

technicality they can find without considering the evidence provided because they did not want to and could not understand the facts of the incident." Buckenmeyer further argued, "Expert testimony is required to understand the evidence. Plaintiff should take defendant's two experts deposition to understand the situation." Buckenmeyer explained that the "exculpatory evidence did not come until just before the time of the [2017 criminal] court trial and was excluded by the judge leaving defendant forced to plead as she also only knew what she was told by the authorities and believed what she was told."

{¶ 17} On September 25, Adamson renewed her motion for sanctions, citing Civ.R. 26(B)(5)(b).[1] As journalized on October 11, the trial court granted Adamson's motion for sanctions, finding that since Buckenmeyer disclosed two expert witnesses on February 11, her "course of conduct manifests willful inaction and bad faith." The trial court then rendered a default judgment against Buckenmeyer on the issue of liability.

{¶ 18} The trial court held the damages hearing on November 6, where Adamson presented witness testimony and other evidence supporting her claims for financial losses and "intangible damages, including loss of society and mental anguish" from the death of Adamson's mother. By judgment entry journalized on December 20, the trial court awarded Adamson court costs plus $17,090 for compensatory damages for funeral expenses and $500,000 for past and future intangible damages, including loss of society and mental anguish suffered by Adamson and her mother's seven brothers and sisters.

---

[1] The language of Civ.R. 26(B)(5) then in effect was modified and renumbered as Civ.R. 26(B)(7) effective July 1, 2020.

8.

## II. Motion to Dismiss

{¶ 19} We review de novo a trial court's decision granting a motion to dismiss pursuant to Civ.R. 12(B)(6) by accepting as true all factual allegations in the complaint. *Alford v. Collins-McGregor Operating Co.*, 152 Ohio St.3d 303, 2018-Ohio-8, 95 N.E.3d 382, ¶ 10. "'[T]hose allegations and any reasonable inferences drawn from them must be construed in the nonmoving party's favor.' To grant the motion, 'it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought.'" (Citations omitted.) *Id.*

{¶ 20} Civ.R. 12(B)(6) states, "Every defense, in law or fact, to a claim for relief in any pleading * * * may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted * * *." "A motion to dismiss based upon a statute of limitations may be granted only when the complaint shows conclusively on its face that the action is time-barred." *LGR Realty, Inc. v. Frank & London Ins. Agency*, 152 Ohio St.3d 517, 2018-Ohio-334, 98 N.E.3d 241, ¶ 10.

### A. Statute of Limitations

{¶ 21} Failure to commence an action within the applicable statute of limitations warrants a dismissal on the merits of the case and constitutes a dismissal with prejudice. *LaBarbera v. Batsch*, 10 Ohio St.2d 106, 116, 227 N.E.2d 55 (1967). A court has subject-matter jurisdiction to decide whether the statute of limitations should bar a cause of action. *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 76, 701 N.E.2d 1002 (1998). The existence and duration of a statute of limitations for a cause of action is determined

9.

by the legislature as a matter of substantive law. *Erwin v. Bryan*, 125 Ohio St.3d 519, 2010-Ohio-2202, 929 N.E.2d 1019, ¶ 29. A court does not possess the authority to extend the statute of limitations, either through the Rules of Civil Procedure or case law. *Id.* at ¶ 4.

{¶ 22} R.C. 2305.10(A) states the statute of limitations for the claims in Buckenmeyer's third-party complaint. *Doty v. Fellhauer Elec., Inc.*, 175 Ohio App.3d 681, 2008-Ohio-1294, 888 N.E.2d 1138, ¶ 45, fn. 2 (6th Dist.). "[A]n action * * * for bodily injury * * * shall be brought within two years after the cause of action accrues * * * when the injury or loss to person * * * occurs." R.C. 2305.10(A).

{¶ 23} We reviewed the record de novo and find that none of Buckenmeyer's arguments in support of her first assignment of error overcome her failure to commence her third-party claim against Holguin prior to the expiration of the two-year statute of limitations. It is undisputed the motor vehicle accident at issue occurred on August 4, 2016, and Buckenmeyer admits that date is when the cause of action accrued. It is also undisputed Buckenmeyer's third-party complaint against Holguin was filed on December 6, 2018, which is more than two years from when the cause of action accrued.

### B. Third-party Complaint

{¶ 24} Although we find Buckenmeyer's third-party complaint against Holguin was barred by the applicable statute of limitations, Buckenmeyer nevertheless argues timeliness due to unique characteristics of a third-party complaint.

10.

{¶ 25} This court has explained a third-party complaint is a vehicle through which defendants are permitted to assert claims against non-parties of a type specified under Civ.R. 14(A). *BAC Home Loans Servicing, LP v. Blankenship*, 6th Dist. Lucas No. L-11-1199, 2013-Ohio-2360, ¶ 14. Civ.R. 14(A) states, in relevant part:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. * * * The person served with the summons and third-party complaint, hereinafter called the third-party defendant, shall make his defenses to the third-party plaintiff's claim as provided in Rule 12 and his counterclaims against the third-party plaintiff and cross-claims against other third-party defendants as provided in Rule 13.

{¶ 26} Civ.R. 14(A) mandates three conditions before a non-party to the existing action may be impleaded as a third-party defendant. First, the non-party must be or may be liable to the original defendant for all or part of the plaintiff's claim against the original defendant. *Id.* at ¶ 18, citing *State ex rel. Jacobs v. Mun. Court of Franklin Cty.*, 30 Ohio St.2d 239, 241, 284 N.E.2d 584 (1972). Second, "'The transaction or occurrence which forms the subject matter of the primary claim must be the same transaction or occurrence that gives rise to legal rights in the defendant against the third-party defendant.'" *Id.*, quoting *Jacobs* at 242.

11.

{¶ 27} Third, "'If the claim asserted in the third-party complaint does not arise because of the primary claim, or is in some way derivative of it, then such claim is not properly asserted in a third-party complaint.'" *Id.*, quoting *Jacobs* at 242. A fatal condition to meeting the requirements of Civ.R. 14(A) is "where the third-party complaint asserts an independent cause of action," even if it arose out of the same incident. *Id.* at ¶ 20. An independent cause of action exists where the liability of the third-party defendant is not dependent on the outcome of the main claim. *Id.*; *Jacobs* at 243.

{¶ 28} Buckenmeyer argues her third-party complaint related back to Adamson's original complaint timely filed on June 6, 2018, where all of Adamson's injuries were caused by Holguin. We disagree. Pursuant to R.C. 2305.10(A), Buckenmeyer's third-party complaint's relationship to Adamson's original complaint does not determine when her cause of action against Holguin accrued for purposes of the statute of limitations. The cause of action for Buckenmeyer's third-party complaint accrued on August 4, 2016.

{¶ 29} Buckenmeyer argues that because Holguin also caused all of Buckenmeyer's injuries, the third-party complaint relates back to her pro se answer timely filed on June 21, 2018. We disagree. Pursuant to Civ.R. 15(C) and (E), Holguin's third-party complaint filed on December 6, 2018, did not relate back to her pro se answer because her third-party complaint was a new pleading under Civ.R. 8 and 14.

{¶ 30} Buckenmeyer further argues the statute of limitations was tolled by her second answer filed on December 6, 2018, in which she asserted as an affirmative

12.

defense to Adamson that she "is entitled to a set-off for any funds received by [Adamson] and or [Holguin] from any other responsible parties." We disagree. Buckenmeyer's reliance on *Natl. Retailers Mut. Ins. Co. v. Gross*, 142 Ohio St. 132, 50 N.E.2d 258 (1943), to support a tolling of the statute of limitations is misplaced. Unlike *Natl. Retailers*, Adamson's complaint did not name both Buckenmeyer and Holguin as defendants. Unlike *Natl. Retailers*, Buckenmeyer did not counterclaim against Adamson. Unlike *Natl. Retailers*, Buckenmeyer's third-party complaint against Holguin makes no claim for set-off from Holguin nor a claim that Holguin is in any way liable for Adamson's injuries. Unlike *Gross*, Buckenmeyer's third-party complaint exclusively alleges that Holguin is responsible for the injuries and losses suffered by Buckenmeyer. However, like *Jacobs*, Buckenmeyer's third-party complaint is an independent cause of action because Holguin's liability to Buckenmeyer is not dependent on the outcome of Adamson's claims against Buckenmeyer. Buckenmeyer also relies on *State Farm Mut. Auto Ins. Co. v. Charlton*, 41 Ohio App.2d 107, 322 N.E.2d 333, 334 (10th Dist.1974), paragraph one of the syllabus, which supports the foregoing and does not support her argument.

{¶ 31} Buckenmeyer further argues the statute of limitations was also tolled by her second answer in which she asserted as an affirmative defense that Adamson failed to join all necessary and indispensable parties. She argues the basis of her third-party complaint is that Holguin is "liable to [Buckenmeyer] for all or part of [Adamson's] relief against the original defendant, as is the case here." We disagree. Pursuant to Civ.R. 8

13.

and 14, Buckenmeyer's third-party complaint is separate from her second answer. Her third-party complaint is silent as to Holguin's liability to Adamson. Buckenmeyer did not pursue before the trial court her affirmative defenses to Adamson's complaint, and we decline to rule on them for the first time on appeal. App.R. 12(A)(1)(c)(2).

{¶ 32} For Civ.R. 12(B)(6) purposes, after accepting as true all the factual allegations in Buckenmeyer's third-party complaint against Holguin, we find beyond doubt Buckenmeyer can prove no set of facts her third-party complaint is not time-barred pursuant to R.C. 2305.10(A). We affirm the trial court's dismissal with prejudice.

{¶ 33} Buckenmeyer's first assignment of error is not well-taken.

### III. Motion for Sanctions

{¶ 34} In support of her second assignment of error, Buckenmeyer argues she complied with all discovery orders. Buckenmeyer explains that expert testimony was required to understand the discovery she provided to Adamson's[2] attorneys. She "offered [her attorney] to come to their offices to explain the discovery and/or set up a deposition of the two experts to explain that which they could not understand," even though "[t]his information was [her attorney's] work product."

{¶ 35} Buckenmeyer further argues that on the eve of the 2017 criminal trial, the experts produced exculpatory evidence that she "did not cause, is not at fault and [is] not liable for" the deadly accident; rather, Holguin was liable. Buckenmeyer argues her

---

[2] Erroneously identified in Buckenmeyer's brief as Holguin's attorneys.

experts could show that Holguin was "legally impaired under Ohio law" and had her foot on the accelerator when she crossed into the oncoming lane of the road on a "blind" hill at the exact time Buckenmeyer approached the hill. After a motion to continue the criminal trial was denied, Buckenmeyer pled guilty to the criminal charges because she "became so mentally confused, feeling guilt and watching the family, that were always at court for hearings, suffering from what they believed Carrie Buckenmeyer had done, along with her also not remembering or knowing how the accident happened."

{¶ 36} The trial court's journalized October 11, 2019 order granting Adamson's motion for sanctions identified that Buckenmeyer failed to comply with its July 2 order. The trial court stated, "Rather than respond to Plaintiff's discovery requests as outlined in this Court's previous order, Defendant now claims that 'any reports, memoranda or other written materials received by the Defendant, or counsel for the Defendant, from all proposed expert witnesses are attorney work product.'" Citing to Civ.R. 26(B)(5)(b), the trial court found the scope of discovery regarding any matter which is relevant to the subject matter being litigated applies to the discovery of expert opinions. The trial court determined that by formally disclosing her two expert witnesses in the record, Buckenmeyer "effectively waived privilege as to the expert opinions, and materials these experts relied upon in reaching their opinions." The trial court then found Buckenmeyer willfully disregarded the July 2 order, deliberately misconstrued its September 11 order granting time until September 17 to respond to the pending motion for sanctions, and eventually responded with "non-meritorious 'work product' objections." The trial court

15.

concluded Buckenmeyer's "course of conduct manifests willful inaction and bad faith" and rendered a default judgment against Buckenmeyer on the issue of liability.

### A. Standard of Review

{¶ 37} We review for an abuse of discretion a trial court's decision to grant a motion for sanctions and issue a default judgment for failing to respond to discovery requests so long as the record shows willfulness or bad faith on the part of the respondent. *Toney v. Berkemer*, 6 Ohio St.3d 455, 453 N.E.2d 700 (1983), syllabus.

### B. Effect of Guilty Plea

{¶ 38} By judgment entry journalized on August 9, 2017, the Fulton County Common Pleas Court accepted Buckenmeyer's guilty plea to the August 4, 2016 incident. The court then found Buckenmeyer guilty of aggravated vehicular homicide, a violation of R.C. 2903.06(A)(2)(a), which is a felony in the third degree pursuant to R.C. 2903.06(B)(3). Her sentence was not included in the record for this matter.

{¶ 39} Despite Buckenmeyer providing extensive reasons to this court for entering a guilty plea to felony charges arising from the August 4, 2016 incident, the record shows the guilty plea had no effect on the trial court's order for sanctions. The order makes no reference to the guilty plea. Even if the trial court's order had referenced Buckenmeyer's felony guilty plea, that plea would be admissible evidence in this civil action. *Clinger v. Duncan*, 166 Ohio St. 216, 222, 141 N.E.2d 156 (1957), citing *Freas v. Sullivan*, 130 Ohio St. 486, 487, 200 N.E. 639 (1936), paragraph nine of the syllabus; R.C. 2307.60(A).

16.

## C.  Attorney Work-Product Protection

{¶ 40} Buckenmeyer argues that she complied with all trial court discovery orders by taking the position that all discovery related to her experts' testimonies was protected from disclosure by the attorney work-product doctrine.  The trial court's judgment entry granting Adamson's motion for sanctions found that Buckenmeyer violated Civ.R. 26(B)(5)(b) for unprotected discovery of her experts' opinions and related documents.  The trial court cited for authority to *Masters v. Kraft Foods Glob., Inc.*, 6th Dist. Lucas No. L-11-1273, 2012-Ohio-5325, in support of its decision.  We agree.

### 1.  Standard of Review

{¶ 41} To differentiate from discovery orders that are generally reviewed for an abuse of discretion, if the information sought to be obtained during discovery must be interpreted under the law for attorney work-product protection, then an appellate court reviews de novo that question of law.  *See Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13.

### 2.  Scope of Protection and Waiver

{¶ 42} In *Masters*, this court found the language of Civ.R. 26(B)(5)(b) was clear and unambiguous in authorizing a party to require another party to identify each expert witness expected to testify at trial and to state the subject matter of their testimony.  "Thereafter, any party may discover from the expert or the other party facts known or opinions held by the expert which are relevant to the stated subject matter." *Masters* at ¶ 12-13, quoting Civ.R. 26(B)(5)(b).  We found that, taking into consideration Civ.R.

17.

26(B)(1),[3] when a party discloses expert witnesses it expects to testify at trial, that action entitled the opposing party to discover facts known or opinions held by the expert which are relevant to the stated subject matter, including those previously given, even if outside of direct examination. *Id.* at ¶ 13-15. The duty to cooperate with discovery under the foregoing circumstances is not protected the attorney work-product doctrine. *Id.* at ¶ 15.

{¶ 43} "In Ohio, protection for an attorney's work product is codified in Civ.R. 26, which notably recognizes work product as separate from privileged matters." *Burnham v. Cleveland Clinic*, 151 Ohio St.3d 356, 2016-Ohio-8000, 89 N.E.3d 536, ¶ 18. "The protection belongs to the attorney, but Civ.R. 26(B)(6)[4] allows the protection to be removed by an opposing party's demonstration of a need for the materials." *Id.*

{¶ 44} Civ.R. 26(B)(3)[5] governs the discovery of attorney work-product and applies to both tangible and intangible things prepared in anticipation of litigation. *Squire, Sanders & Dempsey, L.L.P. v. Givaudan Flavors Corp.*, 127 Ohio St.3d 161, 2010-Ohio-4469, 937 N.E.2d 533, ¶ 58. Civ.R. 26(B)(3) states:

> Subject to the provisions of [Civ.R. 26(B)(5)], a party may obtain
>
> discovery of documents, electronically stored information and tangible

---

[3] The language of Civ.R. 26(B)(1) in effect on the date of the trial court's October 11, 2019 judgment entry was modified effective July 1, 2020.

[4] Civ.R. 26(B)(6) in effect on the date of the trial court's October 11, 2019 judgment entry was renumbered as Civ.R. 26(B)(8) effective July 1, 2020.

[5] Civ.R. 26(B)(3) in effect on the date of the trial court's October 11, 2019 judgment entry was renumbered as Civ.R. 26(B)(4) effective July 1, 2020.

18.

things prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing of good cause therefor. A statement concerning the action or its subject matter previously given by the party seeking the statement may be obtained without showing good cause. A statement of a party is (a) a written statement signed or otherwise adopted or approved by the party, or (b) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement which was made by the party and contemporaneously recorded.

{¶ 45} The attorney work-product protection is not absolute. "Attorney work product, including but not limited to mental impressions, theories, and legal conclusions, may be discovered upon a showing of good cause if it is directly at issue in the case, the need for the information is compelling, and the evidence cannot be obtained elsewhere." *Squire* at paragraph two of the syllabus. In addition, once a court determines the attorney work-product sought to be discovered is directly at issue, the work-product protection is essentially waived, and the work product is discoverable regardless of other considerations. *Jackson v. Greger*, 160 Ohio App.3d 258, 2005-Ohio-1588, 826 N.E.2d 900, ¶ 36 (2d Dist.).

{¶ 46} Upon de novo review, we find as a matter of law that the information regarding Buckenmeyer's experts after they were formally identified during discovery

waived any work-product protection from disclosure. We find Adamson demonstrated good cause to seek the underlying facts and documents supporting Buckenmeyer's experts' opinions because they allegedly opined that Buckenmeyer neither caused the vehicle accident that killed Adamson's mother, nor was liable to Adamson for her claims in the complaint.

{¶ 47} We further find the trial court did not abuse its discretion when it determined the purported attorney work-product was directly at issue and ordered Buckenmeyer to comply with its discovery orders.

### D. Motions to Compel and Default Judgment Sanction

{¶ 48} Civ.R. 37(A) governs motions to compel. "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Civ.R. 37(A)(3). Evasive or incomplete answers are treated as failures to answer or respond. Civ.R. 37(A)(4). "Civ.R. 37 provides trial courts with broad discretion to impose sanctions upon a party who violates the rules governing the discovery process." *Elliott-Thomas v. Smith*, 154 Ohio St.3d 11, 2018-Ohio-1783, 110 N.E.3d 1231, ¶ 16.

{¶ 49} The trial court order rendered the default judgment pursuant to Civ.R. 37(B)(2), which states, "If a party fails to comply with an order under Civ.R. 35(A) requiring it to produce another person for examination, the court may issue any of the orders listed in Civ.R. 37(B)(1), unless the disobedient party shows that it cannot produce the other person." However, we find nothing regarding in the record that qualifies under Civ.R. 35(A) for the examination of a person's mental or physical condition. More

20.

appropriate to this case, Civ.R. 37(B)(1)(f) states, "If a party * * * fails to obey an order to provide or permit discovery, including an order made under * * * Civ.R. 37(A), the court may issue further just orders. They may include * * * (f) Rendering a default judgment against the disobedient party."

{¶ 50} It appears the trial court order contained a clerical error and clearly intended to reference Civ.R. 37(B)(1), instead of Civ.R. 37(B)(2). *See State ex rel. Allen v. Goulding*, 156 Ohio St.3d 337, 2019-Ohio-858, 126 N.E.3d 1104, ¶ 4; *see also Tejeda v. Toledo Surgeons, Inc.*, 186 Ohio App.3d 465, 2009-Ohio-3495, 928 N.E.2d 1138, ¶ 43 (6th Dist.).

{¶ 51} The record shows Adamson filed motions to compel three times before filing three motions for sanctions. Having previously determined the discovery sought is not protected attorney work-product, Buckenmeyer's continued failure to comply with the trial court's discovery orders creates a presumption of a willful or bad faith refusal to comply. *Parsons v. City of Norwalk*, 6th Dist. Huron No. H-90-41, 1991 WL 253804, *3 (Sept. 13, 1991).

{¶ 52} We find the record shows willfulness or bad faith by Buckenmeyer. We find the trial court did not abuse its discretion when it granted each of Adamson's motions to compel and, ultimately, granted Adamson's motion for sanctions and rendered a default judgment for failing to respond to discovery requests. We further find the trial court did not abuse its discretion when it subsequently awarded Adamson damages.

{¶ 53} Appellant's second assignment of error is not well-taken.

21.

## IV. Conclusion

{¶ 54} On consideration whereof, the judgments of the Lucas County Court of Common Pleas are affirmed. We affirm the trial court's judgments granting Holguin's motion to dismiss, granting Adamson's motion for sanctions, granting default judgment in favor of Adamson, and awarding damages to Adamson. Buckenmeyer is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Arlene Singer, J. _____

_____
JUDGE

Thomas J. Osowik, J. _____
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.